

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2004

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zheng v. Atty Gen USA" (2004). *2004 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-3940

———

ZHI XIU ZHENG
<u>Petitioner</u>

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,
<u>Respondent</u>

———

Petition for Review of an Order
of the Board of Immigration Appeals
( No. A78 221 617 )

———

Submitted Under Third Circuit LAR 34.1(a)
Date: November 30, 2004

Before: RENDELL, ALDISERT and MAGILL[1], <u>Circuit</u> <u>Judges</u>

(Filed December 9, 2004)

———

<u>OPINION OF THE COURT</u>

———

ALDISERT, Circuit Judge

---

[1] The Honorable Frank J. Magill, Senior Judge, U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Petitioner Zhi Xiu Zheng, a native and citizen of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on August 28, 2003. The order affirmed the Immigration Judge's ("IJ's") decision to deny Ms. Zheng's request for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We will deny the petition.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

For a petitioner to establish that she is a refugee eligible for asylum, she must demonstrate that she is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). A petitioner for asylum bears the burden of supporting her claim through credible testimony. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). An adverse credibility finding by the IJ should be supported by specific, cogent reasons for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-162 (3d Cir. 1998). In asserting a claim under CAT, the applicant must establish "that it is more likely than not

that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2002).

Where the BIA summarily affirms the IJ's decision without opinion, we review the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review the IJ's factual determinations under the substantial evidence standard, meaning that we will uphold findings "to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Balasubramanrim, 143 F.3d at 161 (quoting INS v. Elias-Zacarias, 502 U.S. 478 (1992)).

Here, there is substantial evidence to support the IJ's adverse credibility finding. The IJ concluded that Ms. Zheng was not testifying truthfully about the core of her claim, the forced abortion and the second IUD insertion, because she changed her testimony when confronted with its impossibility. The IJ also denied Ms. Zheng's application for relief under CAT because she did not prove that she would be tortured by the Chinese government.

On appeal, Ms. Zheng argues that the BIA erred in: (1) affirming the IJ's decision without an opinion and not considering her fresh arguments; and (2) affirming the IJ's adverse credibility finding.

We reject Ms. Zheng's first contention because the BIA filed a brief opinion. Moreover, we have approved decisions of our sister Courts of Appeals upholding the BIA's right to "simply state that it affirms [the immigration judge's] decision for reasons

3

set forth in that decision" <u>Abdulai v. Ashcroft</u>, 239 F.3d 542, 549 n. 2 (3d Cir. 2001) (quoting <u>Chen v. INS</u>, 87 F.3d 5, 7 (1st Cir. 1996)).  We also reject Ms. Zheng's contention that the BIA failed to consider her "fresh arguments" because she raised no new issues before the BIA.

We now turn to Ms. Zheng's second contention. She argues that: (1) although "there may have been some factual omissions and oversights" in her testimony, it was "no less direct, plausible, consistent and credible in regard to her forced abortion and IUD insertion" (Pet. br. at 13.); (2) the contradictions did not go to the "heart of her claim." (<u>Id.</u> at 14.); and (3) any inconsistencies did not change the truth that she was forced to undergo an abortion and that an IUD was inserted.

We are not persuaded by Ms. Zheng's arguments. Her inconsistent testimony regarding the identity of the doctors who allegedly performed the coercive birth control procedures was central to the entire basis of her claim. When testifying, Ms. Zheng stated "clearly and unequivocally" that two different doctors performed the abortion and the second IUD insertion. After being confronted with the fact that the same doctor signed the certificate for the abortion and the second IUD insertion, Ms. Zheng changed her testimony and claimed she had difficulty remembering because of the "extremely traumatic" nature of the abortion.  Ms. Zheng's testimony went through several more revisions. The IJ plausibly concluded that "if the respondent were not thinking very clearly, and she had any uncertainty about the identity of the doctors, it would have

4

seemed that the respondent would have told that to the Court initially." (App. at 20.)

This discrepancy called into question the accuracy of the medical certificates and raised legitimate concerns about their authenticity. Assuming the documents were accurate, the truthfulness of Ms. Zheng's testimony was highly questionable. Under either scenario, the veracity of her claim that she was forced to undergo an abortion and two IUD insertions was seriously called into question.

Ms. Zheng also gave conflicting testimony about the circumstances of her alleged abortion. On direct examination, she testified that the doctor gave her an injection, which caused her pain twelve hours later, after which the baby was aborted. On cross examination, however, Ms. Zheng testified that a nurse gave her the injection and her baby was aborted two hours later.

Furthermore, the State Department's Asylum Profile called into question the validity of Ms. Zheng's medical certificates from China. The only document resembling such a certificate that the State Department was aware of was one "issued by hospitals upon a patient's request after a voluntary abortion."(App. at 310.)

### III.

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We hold that substantial evidence supported the IJ's adverse credibility findings and the BIA's order. Accordingly, we will deny the petition for review.